# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELCHER PHARMACEUTICALS, LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) C.A. No. _____ |
| INTERNATIONAL MEDICATION SYSTEMS, LIMITED, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Belcher Pharmaceuticals, LLC ("Belcher"), for its Complaint against defendant International Medication Systems, Limited ("IMS"), hereby alleges as follows:

### THE PARTIES

1. Plaintiff Belcher is a limited liability company organized and existing under the laws of the State of Florida and having its corporate headquarters at 6911 Bryan Dairy Road, Suite 210, Largo, Florida 33777.

2. Defendant IMS is a corporation organized and existing under the laws of the State of Delaware and having its corporate headquarters at 1886 Santa Anita Avenue, South El Monte, California 91733, United States. IMS develops, manufactures, markets, sells and/or distributes drugs throughout the United States, including in this District. IMS may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over IMS. IMS is incorporated in Delaware. It is registered with the Delaware Department of State: Division of Corporations under file number 2160043 and maintains a registered agent for service of process in Delaware.

5. IMS regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that IMS has continuous and systematic contacts with Delaware.

6. IMS is in the business of manufacturing and selling pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. IMS directly or through its affiliates and agents develops, formulates, manufactures, markets, sells and/or distributes pharmaceutical products, including drug products, throughout the United States and in this judicial District.

7. IMS has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

8. Upon approval of IMS's New Drug Application ("NDA") No. 211363, the Defendant and/or its affiliates or agents will market and sell IMS's Epinephrine Injection USP,

Luer-Jet, Luer-Lock Prefilled Syringe 1mg/10mL ("NDA Product") in Delaware and throughout the United States and will derive substantial revenue therefrom. Upon approval of IMS's NDA, the Defendant will sell the NDA Product in the state of Delaware and throughout the United States, and will be involved in the development, manufacture, distribution, and/or marketing of the NDA Product.

9. Upon approval of IMS's NDA, the Defendant and/or its affiliates or agents will place the NDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this judicial District.

10. This Court further has personal jurisdiction over the Defendant because the Defendant regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware and committed the tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to Plaintiff Belcher.

11. This Court has personal jurisdiction over the Defendant by virtue of, inter alia, the above-mentioned facts.

12. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**THE PATENT-IN-SUIT**

13. Belcher holds approved New Drug Application No. 205029 for Epinephrine Injection USP, 1 mg/ml which is prescribed and sold in the United States.

14. Epinephrine Injection USP, 1 mg/ml is indicated to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock, for emergency

treatment of allergic reactions (Type 1), including anaphylaxis, and for induction and maintenance of mydriasis during intraocular surgery.

15. United States Patent No. 9,283,197 ("'197 Patent", **Exhibit A**) is titled "More Potent And Less Toxic Formulations Of Epinephrine And Methods Of Medical Use" and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 15, 2016. The '197 Patent claims, inter alia, liquid pharmaceutical formulations of l-epinephrine. In accordance with 21 U.S.C. § 355(b)(2), the '197 Patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Epinephrine solution (NDA No. 205029).

16. The named inventor of the '197 Patent is Jugal K. Taneja. The '197 Patent is assigned to Belcher.

## CLAIMS FOR RELIEF - PATENT INFRINGEMENT

17. IMS submitted NDA No. 211363 to the Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, or sale of the NDA Product.

18. By letter dated May 16, 2018 ("Notice Letter"), and pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95, IMS notified Belcher that IMS had submitted NDA No. 211363 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the NDA Product before the expiration of the '197 Patent.

19. In the Notice Letter, Defendant notified Plaintiff that, as a part of IMS's NDA, they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the '197 Patent.

20. The manufacture of IMS's NDA Product is covered by Claims 6 and 7 of the '197 Patent.

21. This action is being commenced before the expiration of forty-five days from the date the Plaintiff received the Notice letter, which the Plaintiff received on or about May 16, 2018.

## COUNT I
### Infringement of U.S. Patent No. 9,283,197 Under 35 U.S.C. § 271

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. By submitting NDA No. 211363 to the FDA to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product throughout the United States prior to the expiration of the '197 Patent, Defendant committed an act of infringement of the '197 Patent under 35 U.S.C. § 271(e)(2).

24. The commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product, for which IMS seeks approval of NDA No. 211363, will infringe, induce infringement, and/or contributorily infringe one or more claims of the '197 Patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

25. The Defendant was aware of the '197 Patent at the time the NDA was submitted and deliberately and intentionally submitted the NDA with knowledge that one or more claims of the '197 Patent covered the NDA Product or its use or manufacture.

26. The Plaintiff will be irreparably harmed by Defendant's infringing activities and does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for a judgment in its favor and against the Defendant and respectfully requests the following relief:

(A) A judgment that under 35 U.S.C. § 271(e)(2)(A), Defendant has infringed one or more claims of the '197 Patent by submitting NDA No. 211363 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product before the expiration of the '197 Patent;

(B) A judgment that the manufacture, use, offer for sale, sale, and/or importation of the NDA Product will infringe the '197 Patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

(C) A judgment declaring that the '197 Patent remains valid and enforceable;

(D) A permanent injunction restraining and enjoining the Defendant and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product until the expiration of the '197 Patent or any later date of exclusivity to which the Plaintiff is or become entitled;

(E) An order that the effective date of any approval of IMS's NDA No. 211363, under Section 505(b)(2) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(b)) shall be a date that is not earlier than the expiration of the '197 Patent or any later date of exclusivity to which the Plaintiff and/or this patent are or become entitled;

(F) A determination that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorneys' fees;

(G) Costs and expenses in this action; and

   (H)  Such other and further relief as the Court may deem just and proper.

Dated: June 28, 2018          BAYARD, P.A.

*Of Counsel:*             /s/ Stephen B. Brauerman
                  Stephen B. Brauerman (No. 4952)
Stefan V. Stein           Sara E. Bussiere (No. 5725)
Cole Carlson            600 N. King Street, Suite 400
GrayRobinson, P.A.          Wilmington, Delaware 19801
401 East Jackson Street, Suite 2700    (302) 655-5000
P.O. Box 33324           sbrauerman@bayardlaw.com
Tampa, Florida 33602         sbussiere@bayardlaw.com
Tel: 813-273-5000
Fax: 813-273-5145          *Attorneys for Plaintiff Belcher*
stefan.stein@gray-robinson.com     *Pharmaceuticals, LLC*
cole.carlson@gray-robinson.com