IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BELCHER PHARMACEUTICALS, LLC<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL MEDICATION SYSTEMS, LIMITED,<br><br>Defendant. | ) | C. A. No.: 18-960-LPS-CJB |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant International Medication Systems, Limited ("IMS" or "Defendant"), by and through its undersigned attorneys, hereby submits it Answer,[1] Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement (D.I. 1), filed by Plaintiff Belcher Pharmaceuticals, LLC ("Belcher" or "Plaintiff"), on June 28, 2018.

The headings and subheadings in IMS's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Complaint; to the extent that any headings or other non-numbered statements in the Complaint contain or imply any allegations, IMS denies each and every allegation therein. Each of the numbered paragraphs in the Answer below corresponds to the same-numbered paragraphs in the Complaint.

[1] Pursuant to Fed. R. Civ. P. 8(b)(3), IMS denies each and every allegation in the Complaint, whether express or implied, except those specifically and expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. To the extent any allegation in the Complaint is vague and/or ambiguous, IMS denies such allegations. IMS denies that Plaintiff is entitled to the relief requested or any other relief.

## THE PARTIES

1. Plaintiff Belcher is a limited liability company organized and existing under the laws of the State of Florida and having its corporate headquarters at 6911 Bryan Dairy Road, Suite 210, Largo, Florida 33777.

**ANSWER**: IMS lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies them.

2. Defendant IMS is a corporation organized and existing under the laws of the State of Delaware and having its corporate headquarters at 1886 Santa Anita Avenue, South El Monte, California 91733, United States. IMS develops, manufactures, markets, sells and/or distributes drugs throughout the United States, including in this District. IMS may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

**ANSWER**: IMS admits that IMS is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1886 Santa Anita Avenue, South El Monte, California 91733, United States. IMS admits that The Corporation Trust Company is its registered agent, located at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338.

**ANSWER**: Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS denies the allegations of paragraph 3 of the Complaint.

4. This Court has personal jurisdiction over IMS. IMS is incorporated in Delaware. It is registered with the Delaware Department of State: Division of Corporations under file number 2160043 and maintains a registered agent for service of process in Delaware.

**ANSWER**: Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS does not contest personal jurisdiction in this Court for the limited purpose of this action only. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 4 of the Complaint.

5. IMS regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that IMS has continuous and systematic contacts with Delaware.

**ANSWER**: IMS denies the allegations of paragraph 5 of the Complaint.

6. IMS is in the business of manufacturing and selling pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. IMS directly or through its affiliates and agents develops, formulates, manufactures, markets, sells and/or distributes pharmaceutical products, including drug products, throughout the United States and in this judicial District.

**ANSWER**: IMS admits that it is in the business of manufacturing and selling pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. IMS admits that IMS develops, formulates, manufactures, markets, sells and distributes pharmaceutical products, including drug products, throughout the United States and in this judicial District. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 6 of the Complaint.

7. IMS has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

**ANSWER**: Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS denies the allegations of paragraph 7 of the Complaint.

8. Upon approval of IMS's New Drug Application ("NDA") No. 211363, the Defendant and/or its affiliates or agents will market and sell IMS's Epinephrine Injection USP, Luer-Jet, Luer-Lock Prefilled Syringe 1mg/10m L ("NDA Product") in Delaware and throughout

the United States and will derive substantial revenue therefrom. Upon approval of IMS's NDA, the Defendant will sell the NDA Product in the state of Delaware and throughout the United States, and will be involved in the development, manufacture, distribution, and/or marketing of the NDA Product.

**ANSWER**: IMS admits that upon approval of IMS's New Drug Application ("NDA") No. 211363, IMS will market and sell IMS's Epinephrine Injection USP, Luer-Jet, Luer-Lock Prefilled Syringe 1mg/10m L ("NDA Product") in Delaware and throughout the United States. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 8 of the Complaint.

9. Upon approval of IMS's NDA, the Defendant and/or its affiliates or agents will place the NDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this judicial District.

**ANSWER**: Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS denies the allegations of paragraph 9 of the Complaint.

10. This Court further has personal jurisdiction over the Defendant because the Defendant regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware and committed the tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to Plaintiff Belcher.

**ANSWER**: Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS denies the allegations of Paragraph 10 of the Complaint.

11. This Court has personal jurisdiction over the Defendant by virtue of, inter alia, the above-mentioned facts.

**ANSWER**: Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, IMS does not contest personal jurisdiction in this Court for the limited purpose of this action only.

01:24392737.1

12. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b).

**ANSWER**: The allegations in paragraph 12 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS does not contest venue in this judicial district for this action.

## THE PATENT-IN-SUIT

13. Belcher holds approved New Drug Application No. 205029 for Epinephrine Injection USP, 1 mg/ml which is prescribed and sold in the United States.

**ANSWER**: The allegations in paragraph 13 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14. Epinephrine Injection USP, 1 mg/ml is indicated to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock, for emergency treatment of allergic reactions (Type 1), including anaphylaxis, and for induction and maintenance of mydriasis during intraocular surgery.

**ANSWER**: IMS lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15. United States Patent No. 9,283,197 ("'197 Patent", **Exhibit A**) is titled "More Potent And Less Toxic Formulations Of Epinephrine And Methods Of Medical Use" and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 15, 2016. The '197 Patent claims, inter alia, liquid pharmaceutical formulations of l-epinephrine. In accordance with 21 U.S.C. §355(b)(2), the '197 Patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Epinephrine solution (NDA No. 205029).

**ANSWER**: The allegations in paragraph 15 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS admits that on March 15, 2016, the U.S. Patent and Trademark Office ("USPTO") issued United States Patent No. 9,283,197 ("the '197 patent"), titled "More Potent And Less Toxic Formulations Of Epinephrine And Methods

Of Medical Use." Defendant further admits that the '197 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Epinephrine solution (NDA No. 205029). To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 15 of the Complaint.

16. The named inventor of the '197 Patent is Jugal K. Taneja. The '197 Patent is assigned to Belcher.

**ANSWER**: IMS admits that on the face of the '197 patent, Jugal K. Taneja is the named inventor. IMS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies them.

**CLAIMS FOR RELIEF - PATENT INFRINGEMENT**

17. IMS submitted NDA No. 211363 to the Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, or sale of the NDA Product.

**ANSWER**: IMS admits that it submitted NDA No. 211363 to the Food and Drug Administration ("FDA"), and is seeking approval to engage in the commercial manufacture, use, and sale of this product. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 17 of the Complaint.

18. By letter dated May 16, 2018 ("Notice Letter"), and pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. §314.95, IMS notified Belcher that IMS had submitted NDA No. 211363 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the NDA Product before the expiration of the '197 Patent.

**ANSWER**: IMS admits that it sent a letter dated May 16, 2018, notifying Belcher that Defendant had submitted NDA No. 211363 to the FDA pursuant to 21 U.S.C. §§ 355(b)(2)(A)(iv), 355(b)(3), and 21 C.F.R. § 314.52 seeking FDA approval to engage in the commercial manufacture, use, or sale of IMS's NDA product before the expiration of the '197 Patent ("Notice Letter"). To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 18 of the Complaint.

19. In the Notice Letter, Defendant notified Plaintiff that, as a part of IMS's NDA, they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the '197 Patent.

**ANSWER**: IMS admits that the IMS Notice Letter states that IMS filed a certification pursuant to 21 U.S.C. §§ 355(b)(2)(A)(iv) ("Paragraph IV Certification") with respect to the '197 patent. To the extent not expressly admitted herein, IMS denies the remaining allegations of paragraph 19 of the Complaint.

20. The manufacture of IMS's NDA Product is covered by Claims 6 and 7 of the '197 Patent.

**ANSWER**: IMS denies the allegations in paragraph 20 of the Complaint.

21. This action is being commenced before the expiration of forty-five days from the date the Plaintiff received the Notice letter, which the Plaintiff received on or about May 16, 2018.

**ANSWER**: IMS admits the allegations in paragraph 21 of the Complaint.

**<u>COUNT I</u>**

**Infringement of U.S. Patent No. 9,283,197 Under 35 U.S.C. §271**

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**: IMS incorporates by reference the above responses to paragraphs 1 through 21 as if fully set forth herein.

23. By submitting NDA No. 211363 to the FDA to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product throughout the United States prior to the expiration of the '197 Patent, Defendant committed an act of infringement of the '197 Patent under 35 U.S.C. § 271(e)(2).

**ANSWER**: The allegations in paragraph 23 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS denies the allegations in paragraph 23 of the Complaint.

24. The commercial manufacture, use, offer for sale, sale, and/or importation of the NDA Product, for which IMS seeks approval of NDA No. 211363, will infringe, induce

infringement, and/or contributorily infringe one or more claims of the '197 Patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

**ANSWER**: The allegations in paragraph 24 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS denies the allegations in paragraph 24 of the Complaint.

25. The Defendant was aware of the '197 Patent at the time the NDA was submitted and deliberately and intentionally submitted the NDA with knowledge that one or more claims of the '197 Patent covered the NDA Product or its use or manufacture.

**ANSWER**: The allegations in paragraph 25 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS denies the allegations in paragraph 25 of the Complaint.

26. The Plaintiff will be irreparably harmed by Defendant's infringing activities and does not have an adequate remedy at law.

**ANSWER**: The allegations in paragraph 26 state a legal conclusion for which no answer is required. To the extent an answer is deemed required, IMS denies the allegations in paragraph 26 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

All remaining allegations not specifically admitted herein are denied. It is further denied that Plaintiff is entitled to the relief request in its Complaint or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, IMS pleads the following affirmative and other defenses.

### FIRST DEFENSE
### (No Infringement)

1. The manufacture, use, sale, offer for sale, and/or importation of the product that is the subject of IMS's NDA No. 211363 has not infringed, does not infringe, and would not

infringe, either directly, contributorily or by inducement, any valid and enforceable claim of the ’197 patent.

**SECOND DEFENSE**
**(Invalidity)**

2. The claims of the ’197 patent are invalid for failure to comply with one or more of the statutory requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116, 251, and/or 256.

**THIRD DEFENSE**
**(Estoppel)**

3. Any asserted claim of infringement of the ’197 patent under the doctrine of equivalents would be estopped under the doctrine of prosecution history estoppel.

**FOURTH DEFENSE**
**(Failure to State a Claim)**

4. The Complaint fails to state a claim upon which relief can be granted.

**OTHER AFFIRMATIVE DEFENSES RESERVED**

IMS expressly reserves any and all additional defenses and counterclaims, at law or equity, which may now exist or in the future be available on discovery and further factual investigation in the case.

**COUNTERCLAIMS**

IMS submits these counterclaims against Plaintiff Belcher Pharmaceuticals, LLC.

**PARTIES**

1. IMS is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1886 Santa Anita Avenue, South El Monte, California 91733, United States.

2. Upon information and belief, Belcher is a limited liability company organized and existing under the laws of the State of Florida and having its corporate headquarters at 6911 Bryan Dairy Road, Suite 210, Largo, Florida 33777.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant commenced and continues to maintain this action against IMS in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Counterclaim Defendant has consented to venue in this Court by filing the instant action in this judicial district.

## FACTUAL BACKGROUND

7. IMS has manufactured, compounded, and sold 0.1 mg/mL epinephrine injections since at least 2010.

8. Upon information and belief, Counterclaim Defendant filed U.S. Patent Application No. 14/460,845 ("the '845 application") on August 15, 2014.

9. Upon information and belief, the '845 application issued as U.S. Patent No. 9,283,197 ("the '197 patent") on March 15, 2016.

10. Upon information and belief, Counterclaim Defendant is indicated in the records of the United States Food and Drug Administration ("FDA") as the holder of New Drug Application ("NDA") No. 205029 for Epinephrine Injection, USP 1 mg/mL.

11. U.S. Patent No. 9,283,197 ("the '197 patent") is listed in the electronic version of the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for EPINEPHRINE (EPINEPHRINE) SOLUTION EQ 1MG BASE/ML (EQ 1MG BASE/ML).

12. Claim 6 of the '197 patent claims: "An injectable liquid pharmaceutical formulation of l-epinephrine sterile solution; said liquid pharmaceutical formulation having a pH between 2.8 and 3.3; said injectable liquid pharmaceutical formulation compounded in an aqueous solution as 1.0 to 1.06 mg/mL l-epinephrine, and further including a tonicity agent; said liquid pharmaceutical formulation including no more than about 6% d-epinephrine and no more than about 0.5% adrenalone at release, and no more than about 12% d-epinephrine and no more than about 0.5% adrenalone over a shelf-life of at least 12 months." '197 patent at 7:1-10.

13. Claim 7 of the '197 patent claims: "The said injectable liquid pharmaceutical formulation of claim 6 further having a concentration of 1 mg per mL l-epinephrine." *Id.* at 7:11-13.

14. The '197 patent states that it is directed to "pharmaceutical formulations of levorotatory-epinephrine (l-epinephrine), more potent and less toxic than existing pharmaceutical formulations of epinephrine . . . ." *Id.* at 1:7-10.

15. The '197 patent states that the patent is directed to formulations that are sulfite-free with minimal levels of degradants. *See, e.g.*, *id.* at 2:18-27, 2:50-54, 3:6-9, 4:6-8, 4:31-35, 4:48-54, 5:49-55.

16. IMS filed NDA No. 211363 under 21 U.S.C. § 355(b)(2), seeking approval from the FDA for Epinephrine Injection USP, Luer-Jet, Luer-Lock Prefilled Syringe 1mg/10m L (0.1 mg/mL) in February 2018 ("IMS's NDA").

17. Because Belcher listed the '197 patent in the Orange Book for EPINEPHRINE (EPINEPHRINE) SOLUTION EQ 1MG BASE/ML (EQ 1MG BASE/ML), IMS was required by the FDA to submit a certification under 21 U.S.C. § 355(b)(2)(A) with respect to the '197 patent.

18. IMS made a certification under 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV Certification") to the FDA that the '197 patent is invalid, unenforceable, and/or is not infringed by the epinephrine products subject to IMS's NDA.

19. On May 16, 2018, IMS provided notice of Paragraph IV Certification to Belcher that the '197 patent is invalid, unenforceable, and/or is not infringed by the epinephrine products subject to IMS's NDA ("Notice Letter").

20. After service of IMS's Notice Letter, the parties agreed on an offer of confidential access ("OCA") to IMS's NDA, and IMS produced IMS's NDA to Belcher on June 7, 2018.

21. Three weeks later, on June 28, 2018, Belcher filed a complaint against IMS in this Court, alleging that IMS's NDA product infringes claims 6 and 7 of the '197 patent ("the Complaint").

## COUNT 1
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '197 PATENT

22. IMS repeats and realleges the allegations in paragraphs 1-21 as if fully set forth herein.

23. Counterclaim Defendant has asserted the '197 patent against IMS in the instant action.

24. IMS denies infringement of the ’197 patent and alleges that the ’197 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the United States Patent Code, including without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or double patenting.

25. The ’197 patent is invalid for at least the reasons set forth in the Notice Letter, as well as the reasons set forth in IMS’s Opening Brief in Support of Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (D.I. 9), IMS’s Reply Brief in Support of Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (D.I. 19), and IMS’s Response to Plaintiff’s Sur-Reply in Opposition to Defendant’s Motion to Dismiss Under Rule 12(b)(6) (D.I. 28).

26. There is a definite and concrete, real and substantial, justiciable, and continuing case or controversy existing between the parties regarding the invalidity of the ’197 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

27. IMS is entitled to a judicial declaration that the claims of the ’197 patent are invalid.

**COUNT 2**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’197 PATENT**

28. IMS repeats and realleges the allegations in paragraphs 1-27 as if fully set forth herein.

29. Counterclaim Defendant has asserted claims 6 and7 of the ’197 patent against IMS in the instant action.

30. IMS denies infringement of the ’197 patent and alleges that the manufacture, use, offer for sale, sale, and/or importation of the epinephrine products that are the subject of IMS’s

NDA do not and will not infringe any valid or enforceable claim of the ’197 patent, either literally or under the doctrine of equivalents.

31. The ’197 patent is not infringed by the epinephrine products subject to IMS’s NDA for at least the reasons set forth in the detailed statement included with the Notice Letter, as well as the reasons set forth in IMS’s Opening Brief in Support of Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (D.I. 9), IMS’s Reply Brief in Support of Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (D.I. 19), and IMS’s Response to Plaintiff’s Sur-Reply in Opposition to Defendant’s Motion to Dismiss Under Rule 12(b)(6) (D.I. 28).

32. There is a definite and concrete, real and substantial, justiciable, and continuing case or controversy existing between the parties regarding infringement of the ’197 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

33. IMS is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, and/or importation of the epinephrine products subject to IMS’s NDA do not and will not infringe any valid or enforceable claim of the ’197 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant prays for a judgment in its favor and against the Plaintiff and respectfully requests the following relief:

(A) Declaring that the manufacture, use, sale, offer for sale, or importation of the epinephrine products subject to IMS’s NDA has not infringed, does not infringe, and would not infringe any valid or enforceable claim of the ’197 patent, either literally or under the doctrine of equivalents;

(B) Declaring that the manufacture, use, sale, offer for sale, or importation of the epinephrine products subject to IMS's NDA has not induced the infringement of, does not induce the infringement of, and would not induce the infringement of any valid or enforceable claim of the '197 patent;

(C) Declaring that the manufacture, use, sale, offer for sale, or importation of the epinephrine products subject to IMS's NDA has not contributorily infringed, does not contributorily infringe, and would not contributorily infringe any valid or enforceable claim of the '197 patent;

(D) Declaring that the claims of the '197 patent are invalid;

(E) Ordering that Counterclaim Defendant's Complaint be dismissed with prejudice and judgment entered in favor of IMS;

(F) A determination that this case is "exceptional" under 35 U.S.C. §285 and an award of attorneys' fees and costs; and

(G) Awarding Defendant such other and further relief as the Court may deem just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Michelle M. Ovanesian (No. 6511)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
movanesian@ycst.com

WILSON SONSINI GOODRICH & ROSATI
Douglas H. Carsten
Joshua A. Mack
12235 El Camino Real
San Diego, CA 92130-3002
(858) 350-2300
dcarsten@wsgr.com
jmack@wsgr.com

Dated: April 15, 2019

*Attorneys for International Medication Systems, Limited*